IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERTA KELLY,**                                  3:11-CV-949-BR

        **Plaintiff,**

                                        OPINION AND ORDER

**v.**

**C. MARIE ECKERT, et al.,**

        **Defendants.**

**ROBERTA KELLY**
5109 N.E. Ainsworth Street
Portland, OR 97218
(503) 849-4334

        Plaintiff, *Pro Se*

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff Roberta Kelly's *pro se* Request (#3) to Proceed *In Forma Pauperis*, Plaintiff's Motion (#4) for Protective Order and Restraining

1 - OPINION AND ORDER

Order [TRO], Plaintiff's Second Motion (#7) for Protective Order and Restraining Order [TRO], Plaintiff's Request (#5) for Sheriff to Serve Summons via Court, and Plaintiff's Second Request (#6) for Sheriff to Serve Summons via Court.

IT IS HEREBY ORDERED that the provisional *in forma pauperis* status given Plaintiff Roberta Kelly is confirmed. For the reasons that follow, however, the Court **DENIES** Plaintiff's First and Second Motions (#4, #7) for Protective Order and Restraining Order and **DISMISSES** Plaintiff's Complaint (#1) in its entirety. Accordingly, Plaintiff's Request (#5) and Second Request (#6) for Sheriff to Serve Summons are **MOOT** at this time.

## BACKGROUND

On August 5, 2011, Plaintiff filed her Complaint against 36 Defendants, including various city, state, and federal entities, officials, judges, attorneys, and others. Plaintiff's Complaint references numerous federal laws under which she purports to establish federal jurisdiction. Plaintiff's Complaint, however, is bereft of factual allegations and only purports to incorporate

> [t]he voluminous filings in U.S.D.C.
> 3:08-cv-01421-AC; U.S.9Cir 10-36144; 09-1
> I25-KI, 10-36111; 3:11-CV-211-ST; are . . .
> to be used as the Facts, and/or Exhibits
> taken and to plead a First Amended Complaint
> with AFFIDAVIT.
>
>                   * * *

2 - OPINION AND ORDER

> Plaintiff realleges every statement in this COMPLAINT and every filing that was a progression of the steepest learning curve, corruption in the courts beginning with Eminent Domain in the State of Washington to the current cases noted and ongoing.

Plaintiff states at the conclusion of her Complaint: "This COMPLAINT has been a boiler plate from the courtesy of Roger Weidner. James Otis' modern." Plaintiff did not, however, file any accompanying affidavit or declaration.

As noted, on August 9, 2011, Plaintiff filed her Motion (#4) for Protective Order and Restraining Order [TRO]. In her Motion Plaintiff seeks immediate restoration of her water service and a restraining order preventing the interruption of any utility service to her home. Plaintiff alleges her water has been repeatedly shut off and that the "elimination of our natural resource as an inalienable right, water, has been intentional and thus, the conduct is criminal." Plaintiff also alleges a "Badger Meter" was installed on her property without her consent and in violation of the state law of trespass. Plaintiff's remaining allegations are unclear.

On August 10, 2011, Plaintiff filed her Second Motion (#7) for Protective Order and Restraining Order [TRO] in which Plaintiff appears to assert that the State has exercised unlawful eminent domain over her property. Plaintiff again requests the reinstatement of her water service. Plaintiff's Motion concludes with a number of statements about a "global eminent domain cabal"

3 - OPINION AND ORDER

in Washington, D.C., led by "Timothy F. Geithner, *et al.*"

On August 10, Plaintiff filed her Request (#5) for Sheriff to Serve Summons via Court in which Plaintiff requests the Sheriff to serve Defendants.

On August 10, 2011, Plaintiff filed her Second Request (#6) for Sheriff to Serve Summons via Court in which Plaintiff includes the names, addresses, and contact information for 29 of the named Defendants.  Plaintiff also attaches what appears to be a return of service signed by a Deputy Sheriff of the Multnomah County Sheriff's Office in a small-claims action by Plaintiff against the City of Portland Bureau of Water.

Defendants have not yet been served, and none have appeared in this matter.

## **STANDARDS**

A party seeking a preliminary injunction must demonstrate (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in its favor, and (4) an injunction is in the public interest.  *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008).  "The elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the

4 - OPINION AND ORDER

merits."  *Alliance For The Wild Rockies v. Cottrell*, No. 09-35756, 2011 WL 208360, at *4 (9th Cir. Jan. 25, 2011)(citing *Winter*, 129 S. Ct. at 392).  Accordingly, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*, at *7.

"An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter*, 129 S. Ct. at 376, 381.

In the first instance, however, a court must have jurisdiction to grant injunctive relief.  *See Taylor v. Westly*, 488 F.3d 1197, 1202 (9th Cir. 2007).  *See also Global Verge, Inc. v. Rodgers*, No. 2:10-cv-01360-RLH-RJJ, 2011 WL 70611, at *8 (D. Nev. Jan. 7, 2011)("The Court cannot issue a temporary restraining order or a preliminary injunction against parties over which it does not have personal jurisdiction.").  "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court may dismiss *sua sponte* matters over which it does not have jurisdiction.  *Zavala v. Mukasey*, No. 07-73381, 2007 WL 4515209,

5 - OPINION AND ORDER

at *1 (9th Cir. Dec. 21, 2007).

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). "[District courts] are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005).

In addition, judges are absolutely immune from liability for damages, injunctive relief, and declaratory relief arising from their judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996), *overruled on other grounds by B. Braun Med., Inc. v. Rogers*, 163 F. App'x 500 (9th Cir. 2006).  "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority."  *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999)(citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)).

6 - OPINION AND ORDER

**DISCUSSION**

Despite references to various federal laws, Plaintiff's Complaint is devoid of factual allegations, and her pleadings appear to be limited to a dispute with Defendant Portland City Water Bureau over her water service and over an alleged trespass on her property to install a water meter. Plaintiff has not alleged any factual basis that shows a violation of any federal or constitutional law, and the Court is not obliged to cull through Plaintiff's filings from other cases to determine whether some basis for federal jurisdiction over this matter may be cobbled together.

Even if a basis for federal jurisdiction exists, Plaintiff's Motions for Protective Order and Restraining Order [TRO] do not clearly set out the basis for such relief, and the Court cannot assess whether Plaintiff will suffer irreparable harm, her likelihood of success on the merits, or the balance of the equities between the parties.

On this record the Court concludes it does not have subject-matter jurisdiction over Plaintiff's Complaint nor does it have a jurisdictional basis to rule on Plaintiff's Motions for Protective Order and Restraining Order [TRO] when the grounds for her Motions appear to be based on disputes over the provision of her water service that fall under the general jurisdiction of Oregon state courts. Even if the Court had jurisdiction over

7 - OPINION AND ORDER

this matter, Plaintiff has not established a sufficient basis for this Court to enter a protective order or a restraining order.

On this record the Court dismisses Plaintiff's Complaint for lack of federal subject-matter jurisdiction.  Because Plaintiff is proceeding *pro se*, however, the Court grants Plaintiff leave to amend her Complaint no later than September 1, 2011, to allege facts that establish this Court has subject-matter jurisdiction over Plaintiff's claims and to cure the remaining deficiencies in her Complaint as set out herein.

## CONCLUSION

Plaintiff's Request (#3) to Proceed *In Forma Pauperis* is **GRANTED**.

For the foregoing reasons, the Court **DENIES** Plaintiff's First and Second Motions (#4, #7) for Protective Order and Restraining Order and **DISMISSES** Plaintiff's Complaint (#1) in its entirety.  Plaintiff has leave to amend her Complaint **no later than September 1, 2011**, to allege facts that establish this Court has subject-matter jurisdiction and to cure the remaining deficiencies of her Complaint as set forth herein.  Accordingly, Plaintiff's Request (#5) and Second Request (#6) for Sheriff to Serve Summons are **MOOT** at this time.

The Court **ADVISES** Plaintiff that it will not address any further actions against judicial officers of this Court whom are

8 - OPINION AND ORDER

immune to lawsuit for their official acts nor will the Court consider any further pleadings in this matter until the jurisdiction of this Court has been established.

    IT IS SO ORDERED.

    DATED this 11th day of August, 2011.

                                    /s/ Anna J. Brown
                                    _____
                                    ANNA J. BROWN
                                    United States District Judge

9 - OPINION AND ORDER